IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL LEE GORDON,**

    **Petitioner,**

    v.                             **CASE NO. 2:07-cv-398**

                                    **JUDGE SARGUS**

**STATE OF OHIO,**

    **Respondent.**                  **MAGISTRATE JUDGE KEMP**

**ORDER and
REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on its own motion to consider the sufficiency of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner's request for an evidentiary hearing is **DENIED**.

**I. PROCEDURAL HISTORY**

According to the petition, this action involves petitioner's December 10, 1997, conviction pursuant to his guilty plea in the Franklin County Court of Common Pleas on one count of attempt to carry a concealed weapon. Petitioner was sentenced to nine months incarceration. He never filed an appeal. However, on October 25, 2005, he filed a petition for post conviction relief with the state trial court, in which he asserted the ineffective assistance of counsel, breach of the plea agreement, and a request to withdraw his guilty plea. On December 8, 2005, the trial court denied his post conviction petition. On May 12, 2006, the Ohio Tenth District Court of Appeals dismissed

petitioner's appeal. On July 5, 2006, the Ohio Supreme Court dismissed petitioner's appeal.

On May 4, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He signed the petition on March 15, 2007. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Ineffective assistance of counsel.
>
> 2. Breach of plea agreement.
>
> 3. Request to withdraw plea agreement.

## II.  STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. §2244(d)(1) provides:

> (d)(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

>   diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1),(2).

Here, petitioner's conviction became final on January 9, 1998, when the time period expired to file a timely appeal to the state appellate court. *Searcy v. Carter,* 246 F.3d 515, 518-19 (6 Cir.2001); *Marcum v. Lazaroff,* 301 F.3d 480, 481 (6 Cir.2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on January 9, 1999. Petitioner did not execute the instant habeas corpus petition until March 15, 2007, more than eight years later. Additionally, he waited until October 25, 2005, long after the statute of limitations had already expired, to pursue post conviction relief in the state courts. His petition for post conviction relief therefore did not toll or otherwise affect the running of the statute of limitations in this case. "The tolling provision does not... 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6 Cir.2003), citing *Rashid v. Khulmann,* 991 F.Supp. 254, 259 (S.D.N.Y.1998); *Winkfield v. Bagley,* 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003)(same). Further, petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations for the time period at issue. *See King v. Bell,* 378 F.3d 550, 553 (6 Cir.2004) (citations omitted).

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as time-barred under 28 U.S.C. §2244(d). Petitioner's request for an evidentiary hearing is **DENIED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days

of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge